IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| KENNETH E. ZINN, ) | CASE NO. 5:06 CV 36 |
| ) | |
| Petitioner, ) | JUDGE DONALD C. NUGENT |
| ) | |
| v. ) | MAGISTRATE JUDGE |
| ) | WILLIAM H. BAUGHMAN, JR. |
| WARDEN EBERLIN, ) | |
| ) | **REPORT & RECOMMENDATION** |
| Respondent. ) | |

## I. Introduction

Before me[1] is the petition of Kenneth E. Zinn for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[2] Zinn is now serving a seven-year term in the Richland Correctional Institution after pleading guilty to three counts of tampering with records, three counts of forgery, and one count of possession of marijuana in the Stark County Common Pleas Court in 2003.[3]

In his petition, Zinn asserts four grounds for relief arising out of his sentencing: (1) that, although he received a maximum sentence, he was not advised of, nor did he understand, his right to appeal that sentence and, thus, did not knowingly, intelligently or voluntarily waive that right; (2) he was denied the effective assistance of trial counsel where counsel did not advise him of the right to appeal his sentence, nor did counsel file such an

---

[1] The petition has been referred to me for a report and recommendation. ECF # 4.

[2] ECF # 1.

[3] ECF # 7 at 2.

appeal in a timely fashion; (3) he was sentenced on facts that were neither alleged in the indictment nor admitted in the plea; and (4) he was denied due process when the court failed to correctly describe the penalties for the crimes to which he pled guilty.[4]

In its return, the State initially contends that Zinn's petition is time-barred because it was filed on January 6, 2006, or more than one year after November 13, 2003, the date his conviction became final with the expiration of the time for filing a timely direct appeal.[5] Alternatively, the State argues that Zinn has twice procedurally defaulted on all four issue raised in this petition: first, when he failed in his motion for a delayed appeal to provide a reason for his failure to file a timely appeal as of right,[6] and second, when he failed to claim before the Ohio Supreme Court that the state appeals court erred in denying his motion for a delayed appeal.[7]

Finally, the State maintains that Zinn's pleas were knowing, voluntary and intelligent, thus waiving his rights to contest any constitutional violations preceding the plea.[8] Specifically, the State notes that the record shows that Zinn signed a plea form that explicitly

---

[4] ECF # 1 at 4-5.

[5] ECF # 7 at 8. Although the State's return of writ gives "November 31, 2003" as the date Zinn's conviction became final with the expiration of the appeals period following his plea, as will be developed later, because Zinn was sentenced on October 14, 2003, the conviction actually became final on November 13, 2003. It would seem that the State's date in the return was thus a simple transposition of the numerals in the correct date when the conviction became final.

[6] *Id.* at 10-13.

[7] *Id.* at 13-15.

[8] *Id.* at 15-18.

stated that he had the right to appeal his sentence and that such an appeal would need to be filed within 30 days.[9]

In his traverse,[10] Zinn, through counsel, asserts that his petition is timely, since it was filed within one year of when the Ohio Supreme Court declined to review the denial of his motion for a delayed appeal.[11] Moreover, Zinn contends that he did not procedurally default either in the state appeals court or before the Ohio Supreme Court since, he maintains, his supporting papers make it clear that he made the requisite arguments concerning his claims to these courts.[12] Finally, he argues that his plea was defective and, so, not a waiver of his rights, in that the court did not fully explain to him the elements of the various offenses nor explain that a conviction for trafficking in marijuana would result in having his driver's license suspended.[13]

For the reasons that follow, I recommend finding that Zinn's petition be held to be time-barred and so dismissed with prejudice.

---

[9] *Id.* at 18.

[10] ECF # 8.

[11] *Id.* at 2-3.

[12] *Id.* at 4-5.

[13] *Id.* at 6-8.

## II. Facts

**A.     Plea and sentencing**

As noted, Zinn was indicted in 2003 by the Stark County (Ohio) Grand Jury on three counts of tampering with records, three counts of forgery and one count of possession of marijuana.[14] On October 14, 2003, Zinn, with the participation of his counsel and the prosecutor, changed his plea to guilty as to each of these counts.[15] Specifically, the guilty plea signed that day by Zinn stated: "I understand my right to appeal a maximum sentence and procedural issues regarding this plea. I understand my other limited appeal rights which have been explained to me by the Court, and that any appeal must be filed within 30 days of my sentence."[16]

The transcript of the plea hearing conducted immediately after Zinn signed the change of plea form,[17] and the court recited each count of the indictment,[18] discloses that Zinn indicated to the court that he understood: (1) that he was "waiving or giving up [his] right to a trial by jury or a trial to the Court;"[19] (2) that he was giving up the right to confront witnesses against him and to have witnesses testify for him;[20] (3) that he was "relieving the

---

[14] ECF # 7, Ex. 1 (Indictment).

[15] *Id.*, Ex. 2 (Change of Plea in Open Court form); Ex. 3 (Guilty Plea).

[16] *Id.*, Ex. 3 at 6.

[17] *Id.*, Ex. 4 at 3.

[18] *Id.* at 4-5.

[19] *Id.* at 5.

[20] *Id.*

State of their duty to prove you guilty by proof beyond a reasonable doubt;"[21] (4) that he was not required to make any statement incriminating himself;[22] (5) that he was going to be sentenced that day;[23] (6) the "nature of each count in the indictment;"[24] and (7) the maximum penalties for each offense.[25]

Zinn then affirmed on the record that he was entering the plea voluntarily,[26] without any threats,[27] and that he would receive seven years in prison,[28] a term that was not at variance with what anyone had promised him.[29] Finally, the court confirmed that he was satisfied with the diligence and effectiveness of his counsel,[30] was a U.S. citizen,[31] and understood post-release controls.[32] At that point, the court accepted Zinn's pleas[33] and

---

[21] *Id.* at 6.

[22] *Id.*

[23] *Id.*

[24] *Id.* at 6-7.

[25] *Id.* at 7.

[26] *Id.*

[27] *Id.*

[28] *Id.*

[29] *Id.*

[30] *Id.* at 8.

[31] *Id.*

[32] *Id.* at 8-9.

[33] *Id.* at 9-11.

imposed sentences consistent with the "negotiated plea agreement entered into between the State of Ohio and Mr. Haupt [defense counsel] and Mr. Zinn."[34]

## B. First post-conviction petition

Although Zinn's conviction was final on November 13, 2003, or 30 days after he was sentenced and did not file a direct appeal,[35] Zinn did not take any action to contest either the plea or the sentence until May 11, 2004. On that date, Zinn filed a *pro se* petition with the trial court to vacate his plea and set aside the sentence on the ground that his counsel was ineffective for "refusing to investigate claimant's case."[36] The trial court denied Zinn's petition on June 8, 2004.[37] There is no record that Zinn appealed this denial of his petition.[38]

---

[34] *Id*. at 11-13.

[35] 28 U.S.C. § 2244(d)(1). Because Zinn did not file a timely appeal to the Ohio appellate court nor then seek review of an appellate decision by the Supreme Court of Ohio, he was not eligible to seek a writ of certiorari from the United States Supreme Court; *see,* Rule 10 (b),(c) Rules of the Supreme Court of the United States. Thus the date at which his conviction became final need not include the 90-day period for petitioning for such a writ. *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000).

[36] ECF # 7, Ex. 7 at 2.

[37] ECF # 7, Ex. 8 (judgment entry), Ex. 9 (docket sheet).

[38] As the State notes, Ohio Supreme Court Rule II, § 2(A)(4)(b) precludes delayed appeals involving post-conviction petitions and so the issue raised by Zinn in this petition is procedurally defaulted. *See*, ECF # 7 at 2-3.

**C.    Delayed direct appeal**

Nearly one year after he attempted to vacate his plea, Zinn, through his current counsel, filed a notice of appeal,[39] together with a motion to file a delayed direct appeal.[40] In this motion, Zinn posited five assignments of error he proposed to raise on direct appeal:

(1)    Defendant was denied due process of law when he was sentenced to a maximum term of imprisonment where there was no presumption of imprisonment or the presumption was against imprisonment;

(2)    Defendant was denied due process of law when he was sentenced to maximum terms of imprisonment where the court failed to make any findings justifying the imposition of maximum sentences;

(3)    Defendant was denied due process of law when he was sentenced to consecutive sentences where the court failed to state on the record any reason for imposing consecutive sentences;

(4)    Defendant was denied due process of law when he was sentenced to more than a minimum sentence when the sentence was not based on any facts alleged in the indictment nor admitted by defendant at the time of his plea;

(5)    Defendant was denied due process of law when the court failed to inform the defendant of the nature of the offense nor the applicable penalty that could be imposed, including a suspension of the defendant's driver's license.[41]

Zinn further stated in an affidavit filed contemporaneously with his motion here that he was "never informed by the judge that he could appeal a maximum sentence imposed by

---

[39] ECF # 7, Ex. 10.

[40] *Id.*, Ex. 11.

[41] *Id.*, Ex. 11 at 2.

-7-

the court of [sic] a sentence imposed in violation of law."[42] He also maintained that he "has a limited ability to read and write and understand...."[43]

The State responded, opposing Zinn's motion on the basis that Zinn had not shown good cause for failing to file a timely appeal.[44] The state appellate court agreed with the State's position, overruling Zinn's motion.[45]

Zinn thereupon filed a notice of appeal in the Supreme Court of Ohio,[46] raising the following five propositions of law:

(1) A Defendant is denied his constitutional right to an appeal where the court does not advise the Defendant that he has a right to the appeal and the Defendant does not knowingly, intelligently and voluntarily waive his right to an appeal.

(2) A Defendant is denied effective assistance of count [sic] where counsel fails to advise Defendant of his right to an appeal and no appeal is filed on his behalf within thirty days.

(3) A Defendant is denied due process of law when the court sentences the Defendant to maximum consecutive sentences without giving any reason on the record to support such a sentence.

(4) A Defendant is denied his rights under the Sixth and Fourteenth Amendment[s] when he is sentenced to a maximum consecutive sentence based on facts that are neither alleged in the indictment nor admitted by Defendant.

---

[42] *Id.*, affidavit at ¶ 4.

[43] *Id.,* at ¶ 5.

[44] ECF # 7, Ex. 12.

[45] *Id.*, Exs. 13, 14.

[46] *Id.*, Ex. 15.

> (5)  A Defendant is denied due process of law when a court fails to explain to the Defendant the proper penalties for entering a plea of guilty.[47]

The State waived its right to respond.[48] On October 5, 2005, the Ohio Supreme Court denied Zinn leave to appeal, dismissing his appeal as not involving any substantial constitutional question.[49]

## D. Federal habeas petition

On January 6, 2006, Zinn, through counsel, filed this present petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, asserting four grounds for relief:

> (1)  Fourteenth Amendment. Supporting Facts: Petitioner, who was illiterate, was denied his constitutional right to appeal. Petitioner was sentenced to a maximum sentence and was entitled to appeal his sentence. However, he was not advised and did not understand his right to an appeal and did not knowingly, intelligently or voluntarily waive his right to an appeal.
>
> (2)  Sixth Amendment. Supporting Facts: Petitioner was denied effective assistance of counsel where his trial counsel failed to advise petitioner of his right to an appeal. Counsel failed to file an appeal within 30 days of the judgment of conviction.
>
> (3)  Sixth and Fourteenth Amendments. Supporting Facts: Petitioner was denied his rights under the Sixth and Fourteenth Amendments where he was sentenced to a maximum, consecutive sentence based on facts that were neither alleged in the indictment nor admitted by petitioner at the time of his plea.

---

[47] *Id.*, Ex. 16 at i.

[48] *Id.*, Ex. 18.

[49] *Id.*, Exs. 19, 20.

>
> (4) Fourteenth Amendment. Supporting Facts: Petitioner was denied due process of law when the court failed to explain to petitioner the correct penalties for the offense to which he was entering pleas of guilty.[50]

In its return of the writ, the State initially argues that Zinn's petition is time-barred. Specifically, the State contends that the one-year statute of limitations imposed by the AEDPA[51] began to run on November 31, 2003, when the 30-day period for filing a timely appeal from his sentence expired.[52] The State maintains that Zinn's untimely petition to set aside his plea, filed on May 11, 2004, but denied because it was untimely, was not "a properly filed application for State post-conviction or other collateral relief," such as would toll the limitations period.[53] Thus, the State concludes, Zinn's one-year period for filing a federal petition for habeas corpus expired on November 13, 2004, over five months before Zinn attempted to file a delayed direct appeal on April 25, 2005; an action which, if successful, may have tolled the time limit, but would not have restarted the limitations period.[54]

---

[50] ECF # 1 at 3-4.

[51] The Antiterrorism and Effective Death Penalty Act of 1996, codified at 28 U.S.C. § 2244(d).

[52] ECF # 7 at 8.

[53] *Id.*, citing 28 U.S.C. § 2244(d)(2) and *Israfil v. Russell*, 276 F.3d 768, 771 (6th Cir. 2001).

[54] *Id.*

In his traverse,[55] Zinn asserts that his situation is analogous to that confronting the Sixth Circuit in *DiCenzi v. Rose*[56] and so his federal habeas petition should be found timely.[57] Without directly explaining how *DiCenzi I* applies to these facts, Zinn concludes that this case establishes that the State's position on the statute of limitations is "without merit."[58]

### III.  Analysis

**A.     The applicable law – statute of limitations**

Under 28 U.S.C. § 2244(d)(1)(A), the one-year statute of limitations applicable to a habeas petition runs from the date when the judgment of conviction became final by conclusion of direct review or the expiration of time for seeking such review. As discussed above, the statute would have run in this case on November 13, 2004.

Inasmuch as Zinn contends that he was not informed of his appellate rights at the moment he entered his guilty plea, he argues that the statute should be extended under 28 U.S.C. § 2244(d)(1)(D). That subsection provides that the one-year statute of limitations begins to run on "the date on which the factual predicate of the claim or claims presented

---

[55] ECF # 8.

[56] *DiCenzi v. Rose*, 419 F.3d 493 (6th Cir. 2005) ("*DiCenzi I*").

[57] ECF # 8 at 3.

[58] *Id.*

could have been discovered through the exercise of due diligence."[59] Zinn has "the burden of proving that he exercised due diligence, in order for the statute of limitations to begin running from when he discovered the factual predicate of his claim."[60]

**B.     Zinn's petition should be dismissed as untimely.**

Here, the written plea agreement executed by Zinn at the time of his sentencing specifically reciting his right to appeal his sentence and stating that such an appeal must be filed within 30 days of the sentence is, at the very least, a factual basis for when, exercising normal diligence, Zinn should have been aware of his appellate rights.

As the United States District Court for the Southern District of Ohio recently concluded on almost identical facts:

> [E]ven assuming, as petitioner asserts, that he was not advised of his appellate rights during [the sentencing] proceedings, it is clear from the record that he was made aware before entering the plea agreement with the State that he had a right to an appeal, which he was required to file within a specified time frame. Specifically, under the terms of the written plea agreement executed by petitioner, as well as the defense counsel and the assistant prosecuting attorney, petitioner stated: "...I understand my right to appeal a maximum

---

[59] 28 U.S.C. § 2244(d)(1)(D); *DiCenzi v. Rose*, 452 F.3d 465, 472 (6th Cir. 2006) ("*DiCenzi II*") (remanding habeas petition alleged to be untimely where petitioner asserted that he was not informed of his right to appeal state sentence so that district court could apply § 2244(d)(1)(D) "to determine when a defendant in DiCenzi's position, acting with due diligence, would have discovered his right to appeal."). *See also*, *Ratliff v. Jefferys*, No. 3:06-cv-1931, 2007 WL 4248173, at *5 (N.D. Ohio, Nov. 20, 2007) (noting that, with respect to habeas claims relating to a sentencing, the limitations period under § 2244(d)(1)(D) is calculated from "'when the prisoner knows (or through due diligence could discover) the important facts, not [from] when the prisoner realized their legal significance.'") (citation omitted).

[60] *DiCenci II*, 452 F.3d at 471; *accord*, *Reed v. Hudson*, No. 5:07-cv-86, 2007 WL 4322200, at *4 (N.D. Ohio, Dec. 7, 2007); *Parsons v. Money*, No. 5:05-cv-1589, 2007 WL 649283 (N.D. Ohio, Feb. 26, 2007).

sentence, my other limited appeal rights and that any appeal must be filed within 30 days of my sentence."[61]

In this case, I note that the language in the written plea agreement recognized by the court in *Walker* as sufficient to give that habeas petitioner notice at the time of sentencing of his appellate rights is virtually identical to the language in the plea agreement signed by Zinn on the date he was sentenced.[62] Moreover, Zinn does not contest the fact that he signed such an agreement on the date he was sentenced, nor does he dispute that the agreement plainly gives notice of appellate rights and time limits for filing an appeal. As such, without more, the record shows that Zinn received notice of his appellate rights on the date he was sentenced.

Zinn does not directly rebut that clear conclusion. Rather, Zinn appears to suggest in his traverse that this explicit, signed written statement that he "understood" his appellate

---

[61] *Walker v. Moore*, No. 1:06-cv-777, 2008 WL 355580, at *6 (S.D. Ohio, Feb. 8, 2008); *accord*, *Merriweather v. Brunsman*, No. 1:02-cv-369, 2006 WL 1698825, at *10 (S.D. Ohio, June 20, 2006) (where record showed petitioner signed a guilty plea specifying appellate rights, petitioner knew at the time of his sentencing that he had the right to appeal his conviction and sentence).

[62] *See*, ECF # 7, Ex. 3 (guilty plea) at 6. "I understand my right to appeal a maximum sentence and procedural issues regarding this plea; I understand my other limited appeal rights which have been explained to me by the Court, and that any appeal must be filed within 30 days of my sentence."

rights at the time of his sentencing should not be given any weight because "[p]etitioner, who could not read or write did not fully understand or comprehend the proceedings."[63]

In that regard, I note first that it is Zinn who bears the burden of showing he exercised due diligence in discovering his appellate rights. Here, Zinn makes no assertion as to when, if not at the time of sentencing, he actually learned of his appellate rights,[64] nor does he adduce any evidence that he made any diligent effort to learn of those rights at any time between his sentencing and this petition. There is, for example, no record in the plea colloquy that Zinn raised the issue of illiteracy in open court or asked for help in understanding the written document he just signed.[65]

Moreover, there is absolutely no evidence in this record that Zinn took any action to have the terms of his plea agreement read to him by any person at any time between October 14, 2003, when he signed the plea agreement, and April 25, 2005, when, through his

---

[63] ECF # 8 at 4. I note that this assertion here that he did not comprehend the plea process because he "*could not* read or write" (emphasis added) is greater than the claim Zinn made in a sworn affidavit filed with his motion for a delayed appeal. There, Zinn merely observed that he "has a *limited ability* to read and understand...." ECF # 11, Affidavit at ¶ 5 (emphasis added).

[64] Zinn appears to leave it to this Court to infer that he learned of his appellate rights when his present counsel undertook to file a motion for delayed direct appeal on April 25, 2005. Zinn himself makes no representation of when he actually learned of his appellate rights, if it was not from his plea agreement. This lapse severely weakens any case that he was diligent in pursuing his rights by failing to specify both a time when he did learn of his appellate rights and then any steps he took to discover his right between that event and signing the plea agreement.

[65] ECF # 4.

present counsel, he moved for a delayed direct appeal and presumably discovered his appellate rights for the first time.

In that regard, there is no evidence in this record that Zinn took any additional steps to understand his plea agreement before completing a written form petition on May 11, 2004 to vacate his sentence. That form, which was filled out by hand, is a four-page, multiple category petition, requiring Zinn to state, among other things, (1) that he did not file an appeal, (2) that the court of appeals has not rendered a decision on such an appeal, and (3) that he did not appeal the appellate decision to the Ohio Supreme Court.[66] If Zinn is to be believed that he did not understand his plea from the beginning because of literacy issues, it is hard to see how, at a subsequent date, he was able to fill out a written form asking detailed questions about appeals from that plea and yet made no effort to have the plea explained to him. In any event, there is nothing in the record to show that Zinn took any additional steps to understand his written plea before he filed out a multi-page written petition in state court to vacate it.

If, alternatively, Zinn's assertion that he did not understand his written plea agreement when he signed it is to be construed as a sort of equitable tolling argument,[67] he is equally unpersuasive. While courts "may, in certain circumstances, equitably toll the running of the

---

[66] ECF # 7, Ex. 7 at 2, questions 5 and 6.

[67] Zinn never directly argues that he is entitled to equitable tolling. But, as the Court found under similar facts in *DeVaughn v. Wilson*, No. 1:05-cv-1134, 2006 WL 2090167, at *3 (N.D. Ohio, July 25, 2006), a liberal reading of the current petition suggests that such an argument be considered. Even though *DeVaughn* undertook to construe the petition liberally because the petitioner was proceeding *pro se*, unlike Zinn, who is represented, I propose to undertake the same analysis here in the interest of thoroughness.

one-year limitation period found in § 2244(d)(1),"[68] a party claiming equitable tolling must establish two elements: "(1) that he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way."[69]

Applying this test to these facts, it is apparent, as noted earlier, that Zinn has produced no proof that he "has been pursuing his rights diligently." In addition, it is well-settled that a petitioner is not entitled to equitable tolling simply because of literacy difficulties.[70] This is particularly true when, as here, the record shows that Zinn, *pro se*, was able to file a multi-page petition to vacate his sentence.[71]

Accordingly, I recommend finding that Zinn has not met his burden of showing that, with due diligence, he could not have discovered his appellate rights any earlier than he infers, *i.e.*, when his present counsel commenced his motion for delayed direct appeal. I further recommend finding that Zinn knew, or should have known, his appellate rights at the time he signed his plea agreement on October 14, 2003, since those rights were clearly specified in that agreement.

---

[68] *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002) (citation omitted).

[69] *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) (citation omitted).

[70] *See*, *Cobas*, 306 F.3d at 444. "An inability to speak, write and/or understand English, in and of itself, does not automatically give a petitioner reasonable cause for failing to know about the legal requirements for filing his claims."

[71] *Id.; see also*, *Soto v. Birkett*, No. 5:06-cv-54, 2006 WL 2850578, at *7 (W.D. Mich., Oct. 3, 2006). Petitioner's alleged illiteracy did not prevent him from filing petitions in state court. Even if others helped him to do so, that fact would show that he was able to communicate sufficiently with others to obtain assistance.

As such, the one-year statute of limitations ran on November 13, 2004, well before January 6, 2006, when he filed the federal habeas petition. Zinn's petition to vacate his plea, filed on May 11, 2004, did not stay the running of the statute under 28 U.S.C. § 2244(d)(2). The trial court denied that petition as untimely.[72] As the Supreme Court recently reemphasized in *Allen v. Siebert*,[73] "[w]hen a post conviction petition is untimely under state law, that [is] the end of the matter for purposes of § 2244(d)(2)."[74]

Nor can Zinn argue that his filing of a motion for delayed direct appeal after the expiration of the limitations period re-set the expired, statute-of-limitations clock. This Court has previously rejected that argument.[75]

## IV. Conclusion

For the foregoing reasons, I recommend that Zinn's petition for a writ of habeas corpus filed January 6, 2006, which raises four issues related to his sentencing on October 14, 2003, be dismissed as time-barred.

Dated: February 29, 2008         s/ William H. Baughman, Jr.
                                 United States Magistrate Judge

---

[72] ECF # 7, Ex. 8.

[73] *Allen v. Siebert*, ___ U.S. ___, 128 S. Ct. 2 (2007).

[74] *Id.* at 2, 4, citing *Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005).

[75] *Pratts v. Hurley*, No. 5:04cv1875, 2007 WL 1577794, at *3 (N.D. Ohio, May 31, 2007); *Flannery v. Wilson*, No. 1:05cv2210, 2006 WL 1587376, at *7 (N.D. Ohio June 5, 2006).

## Objections

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within ten (10) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order.[76]

---

[76] *See*, *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also*, *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).