IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **KENNETH E. ZINN,** ) | **CASE NO.  5:06 CV 36** |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **JUDGE DONALD C. NUGENT** |
| ) | |
| **WARDEN EBERLIN,** ) | **Magistrate Judge William H. Baughman, Jr.** |
| ) | |
| Respondent. ) | **MEMORANDUM OPINION** |

This matter comes before the Court upon the Report and Recommendation of Magistrate Judge William H. Baughman, Jr.  The Report and Recommendation (Document #11) is ADOPTED by this Court and Petitioner's Petition for Habeas Corpus pursuant to 28 U.S.C. § 2254 (Document #1) is DISMISSED as it is time-barred.

Petitioner is serving a seven-year term in the Richland Correctional Institution after pleading guilty in 2003 in the Stark County Court of Common Pleas to three counts of tampering with records, three counts of forgery, and one count of possession of marijuana.  In his Petition, filed pursuant to 28 U.S.C. § 2254, Petitioner asserts four grounds for relief arising out of his sentencing: (1) that, although he received a maximum sentence, he was not advised of, nor did he understand, his right to appeal that sentence and, thus, did not knowingly, intelligently or voluntarily waive that right; (2) he was denied the effective assistance of trial counsel where

counsel did not advise him of the right to appeal his sentence, nor did counsel file such an appeal in a timely fashion; (3) he was sentenced on facts that were neither alleged in the indictment nor admitted in the plea; and, (4) he was denied due process when the court failed to correctly describe the penalties for the crimes to which he plead guilty.

Respondent filed a Return of Writ on March 22, 2006 (Docket #7). Respondent argues that the Petition is time-barred because it was filed on January 6, 2006, more than one year after November 13, 2006, the date his conviction became final. Alternatively, Respondent argues that Petitioner procedurally defaulted on all four issues raised in the Petition. Finally, Respondent asserts that Petitioner's pleas were made knowingly, voluntarily and intelligently, and that by his signature on the plea agreement he acknowledged that his appeal would need to be filed within 30 days. Petitioner filed a Traverse on April 21, 2006 (Docket #8).

On February 29, 2008, the Magistrate Judge issued a Report and Recommendation, recommending that this case be dismissed as it is time-barred and there is no basis to support an extension of the one-year statute of limitations (Docket #11). On April 4, 2008, Petitioner filed his Objections to the Magistrate Judge's Report and Recommendation (Docket #13)

**Standard of Review for a Magistrate Judge's Report and Recommendation**

The applicable district court standard of review for a magistrate judge's report and recommendation depends upon whether objections were made to the report. When objections are made to a report and recommendation of a magistrate judge, the district court reviews the case *de novo*. FED. R. CIV. P. 72(b) provides:

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the

magistrate judge with instructions.

## Conclusion

The Court has reviewed the Report and Recommendation *de novo*, as well as the briefs and supporting material submitted by the Parties, and the objections to the Report and Recommendation raised by Petitioner, and finds the Report and Recommendation to be well-reasoned and correct. The Court agrees with, and adopts, the findings and conclusions of Magistrate Judge Baughman as its own. The Court hereby ADOPTS the Report and Recommendation of Magistrate Judge Baughman (Document #11) in its entirety; Petitioner's Petition for Habeas Corpus is DISMISSED.

Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); FED. R. APP. P. 22(b).

IT IS SO ORDERED.

        s/ Donald C. Nugent
        DONALD C. NUGENT
        United States District Judge

DATED: April 28, 2008